# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN SIMONS, | CASE NO. 1:05-cv-0503-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |
| v. | |
| DR. NGUYEN, et al., | (Doc. 50) |
| Defendants. | |

I.  Defendants' Motion for Summary Judgment

   A.  Procedural History

Plaintiff Glen Simons ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint against defendant Dr. Nguyen ("Defendant" or "Dr. Nguyen") for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment. At the time of the events at issue in this action, Plaintiff was a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and was housed at Corcoran State Prison.

Defendant filed a motion for summary judgment on April 23, 2007. Plaintiff filed an opposition on May 15, 2007 and Defendant filed a reply on May 17, 2007.

   B.  Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue

1  as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R.
2  Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not

establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

C. Undisputed Facts[1]

   1. Background Facts

1. At all relevant times, Plaintiff was an inmate duly incarcerated within the California

---

[1] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendants as undisputed in compliance with Local Rule 56-260(b). Further, Plaintiff did not tender any evidentiary objections in any other form. FDIC v. New Hampshire Ins. Co., 953 F.2d 478, 484 (9th Cir. 1992) (evidentiary defects waived absent objection). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's complaint or his opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit *if it is based on pleader's personal knowledge of specific facts which are admissible in evidence*). A verified opposition to a motion for summary judgment may also be considered as an opposing affidavit for purposes of the summary judgment rule if it is based on facts within the pleader's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

3

1        Department of Corrections and Rehabilitation ("CDCR").

2   2.   At all relevant times, Dr. Nguyen was a licensed medical doctor employed by the CDCR,
3        assigned to the California Substance Abuse Treatment Facility (CSATF"), in Corcoran,
4        California.  In that capacity, his primary job duties included providing medical care and
5        treatment to inmates, including Plaintiff.

6   3.   On October 25, 2002, at approximately 7:55 p.m., Plaintiff complained to nursing staff of
7        severe pain on his right flank abdomen, spitting blood, and bleeding from his rectum.
8        Nursing staff contacted Dr. Nguyen while he was at the Correctional Treatment Center
9        (hereinafter "CTC"), and he gave nursing staff a verbal order to transfer plaintiff to the CTC
10       for further evaluation.

11  4.   About ten minutes after Plaintiff arrived at the CTC, Dr. Nguyen performed a negative rectal
12       examination.  He noted Plaintiff to be in great pain and moaning on the table and then
13       ordered normal saline and Demoral 30 mg intravenously, and 70 mg intramuscularly.  RN
14       Anna M. Varela took Dr. Nguyen's order.

15  5.   Dr. Nguyen did not fill a syringe with Demerol or any other medication nor did he hand a
16       syringe to a registered nurse.

17  6.   After plaintiff was injected by RN Varela, he went into respiratory distress.  Dr. Nguyen and
18       nursing staff performed resuscitation, that included: (1) intravenous Narcan, a Demerol
19       antidote, which reversed the respiratory depression and enabled plaintiff to breath
20       spontaneously and; (2) ventilation support and oxygen administration by non-rebreathing
21       mask.  Though the intubation attempt was unsuccessful, Plaintiff received adequate
22       ventilation by the Ambu bag.  The result of the resuscitation was that plaintiff was able to
23       breathe spontaneously with adequate oxygen saturation until the ambulance team arrived.

24  7.   Dr. Nguyen reviewed certified copies of Plaintiff's medical records obtained through the
25       discovery process with proper notice given to plaintiff, for the time he provided medical
26       treatment to plaintiff at CSATF.

27  8.   Dr. Nguyen contends he provided Plaintiff with all reasonable and necessary care for his
28       medical complaints.  Dr. Nguyen contends that at no time did he refuse to provide care or

4

treatment to Plaintiff. Dr. Nguyen contends he did not intentionally or deliberately delay medical treatment to Plaintiff and that he was at all times, motivated by genuine concern for Plaintiff's health and well-being.

9. Dr. Nguyen contends that all medical treatment provided to plaintiff by him was within the community standard of knowledge and skill ordinarily possessed and exercised by members of his profession under similar circumstances.

10. Plaintiff's initial complaint was filed on April 15, 2005 and his amended complaint was filed on September 30, 2005.

11. Plaintiff's claim was received by the Victim Compensation and Government Claims Board on October 21, 2004, nearly two (2) years after plaintiff's cause of action accrued against Dr. Nguyen. The Board rejected plaintiff's claim.

D.  Discussion[2]

Plaintiff alleges that Dr. Nguyen was deliberately indifferent to his medical needs when he provided medical care to him on October 25-26, 2002. Plaintiff contends that Dr. Nguyen ordered Nurse Varela to administer Demerol and that he heard Plaintiff telling her that the dose was too much but failed to question him about why he was concerned about an overdose. Plaintiff contends Dr. Nguyen intentionally allowed the overdose and then failed to properly intubate him because he thought plaintiff molested a young girl in the visiting room.

Dr. Nguyen argues that he is entitled to summary judgment because he did not refuse to provide medical treatment to Plaintiff and after examining plaintiff, he ordered the administration of Demerol. U.F. 4. Dr. Nguyen points out that once plaintiff was in respiratory distress, he, along with other medical staff, provided immediate medical care and Plaintiff was airlifted to the University Medical Center in Fresno, California. U.F. 6.

The Court finds that Defendant has met his initial burden of informing the Court of the basis for his motion, and identifying those portions of the record which he believes demonstrate the

---

[2] Plaintiff's complaint and opposition are verified and shall be treated as affidavits for purposes of the summary judgment rule where they are based on facts within Plaintiff's personal knowledge of admissible evidence, and not merely on Plaintiff's belief. Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. P. 56(e).

5

absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff's opposition is essentially a reiteration of the allegations set forth in the complaint. It appears Plaintiff has confused the showing he must make at this stage with the initial showing he had to make to state a claim for relief. Although Plaintiff's allegations were sufficient to state a claim for relief under federal notice pleading standards, at this stage in the litigation, Plaintiff must come forth with evidence in support of his claims. Plaintiff has not done so.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

6

Plaintiff's allegations that Dr. Nguyen "should have heard him" complain to Nurse Varela that the dose was too high and that the dose was in fact to high are insufficient to defeat Defendant's motion. Plaintiff, as a lay witness, is not qualified to opine that the dose he was given was an overdose. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). While it is undisputed that plaintiff had an adverse reaction to the Demerol, plaintiff has not demonstrated that the dose Dr. Nguyen ordered was "medically unacceptable under the circumstances . . ." and chosen "in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). It is undisputed that Dr. Nguyen provided treatment for plaintiff and the record is utterly devoid of any evidence that Dr. Nguyen "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's claim against him.

E.   Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not met his burden of setting forth admissible evidence raising triable issues of material fact, and Defendant is entitled to judgment as a matter of law on the claim against him. Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Defendants' motion for summary judgment, filed April 23, 2007, is GRANTED, concluding this action in its entirety; and

2.   The Clerk of the Court shall enter judgment for Defendant and against Plaintiff.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days of this Order, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure

7

1 | to file objections within the specified time may waive the right to appeal the District Court's order.
2 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 |   IT IS SO ORDERED.
5 |   **Dated:**   **January 25, 2008**        **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE